UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES I. WYNN, SR.,

                              Appellant,

                                                                                    DECISION AND ORDER

                                                                                         13-CV-6447L

                          v.

GEORGE M. REIBER, ESQ.,

                                Appellee.
_____

      This is an appeal from an order of United States Bankruptcy Judge Paul R. Warren (Dkt. #1-4) (the "Order"). In that Order, Judge Warren granted an application to withdraw by the appellant-debtor's ("Wynn") former counsel, William Rieth, because Wynn had expressed a desire to retain new and different counsel. Wynn now appeals, conceding that the Court's decision to permit Rieth to withdraw was proper, but arguing that the Order was "incomplete and misleading" because: (1) it failed to mention a "reply" affidavit that Wynn filed in connection with Rieth's motion to withdraw; and (2) it did not examine the issue of whether Rieth should be "dismissed for cause" instead of simply permitted to withdraw. Plaintiff also suggests that there is a conflict of interest presented by the fact that appellee George Reiber, the Chapter 13 Trustee assigned to plaintiff's case, is "representing" Rieth in connection with the instant appeal. (Dkt. #10). For the reasons set forth below, the Order is affirmed.

## DISCUSSION

On February 27, 2013, Wynn filed a petition with the Bankruptcy Court by his then-counsel Rieth, commencing a Chapter 13 bankruptcy action. Upon filing of the petition, the Bankruptcy Court's computerized assignment system automatically assigned the case to Reiber, as Chapter 13 trustee.

On April 1, 2013, Wynn advised one of the staff attorneys for the trustee that he was not satisfied with Rieth and wished to hire a new attorney. On April 2, 2013, Rieth moved to withdraw as Wynn's counsel, citing Wynn's expressed lack of trust in him. On April 15, 2013, Wynn filed a response to that motion, expressing his support for Rieth's withdrawal and asserting additional facts describing why Wynn believed that Rieth had not adequately represented his interests. A hearing was held on that motion on April 18, 2013, and on April 22,2 013, the decision-appealed-from was issued, granting Rieth's motion to withdraw. This appeal followed.

I.   **The Order's Lack of Discussion Concerning Wynn's Response and/or Whether Rieth Should Be Dismissed As Wynn's Counsel "For Cause"**

Initially, appellant argues that the Order was "incomplete" because it failed to mention or discuss Wynn's response to Rieth's motion to withdraw (except to note, correctly, that Wynn did not object to the relief requested), or to explore whether Rieth had committed some error that would justify his dismissal for cause, based on the facts alleged by Wynn in his "reply" affidavit. I find that the Bankruptcy Court's failure to mention these matters does not render the Order erroneous or misleading, or otherwise present any reason to modify the Order. *See* Fed. R. Civ. Proc. 61 ("the court must disregard all errors and defects that do not affect any party's substantial rights").

Initially, Wynn's response explicitly supported the motion to withdraw rather than opposing it, and there was no clear reason why the Bankruptcy Court was required to specifically mention or discuss any collateral matters raised by Wynn's response in its decision granting the motion to withdraw. Indeed, although Wynn recited various complaints he had about Rieth's representation in his "reply" affidavit, he requested no other or further relief than that "the court . . . grant Mr. Rieth [sic] motion to withdraw from representing [me]." (Dkt. #1-3 at 5).

I find no deficiency or omission in the Bankruptcy Court's Order which would "affect any party's substantial rights," and therefore decline to disturb it. Fed. R. Civ. Proc. 61.

## II.   The Alleged Conflict of Interest

Wynn also argues that the Bankruptcy Court committed reversible error when it "allowed" his Chapter 13 trustee, Reiber, to "represent" Rieth in the instant appeal. This appears to be a misunderstanding on Wynn's part: as the Standing Chapter 13 Trustee, Reiber was automatically appointed to serve as Wynn's Chapter 13 trustee, and also empowered with the discretion to appear in any litigation involving Wynn as the debtor. *See* Fed. R. Bankr. Proc. 6009. As such, he does not "represent" Rieth in the instant appeal, but serves as the "voice of the community" for purposes of representing the debtor's estate. *See In re LaSota*, 351 B.R. 56, 63 (Bankr. W.D.N.Y. 2006). Reiber's participation in this appeal does not present a conflict of interest.

I have considered the rest of the arguments raised by the appellant, and find them to be without merit.

**III.    Appellee's Request For Sanctions Against Wynn**

Citing Wynn's status as a serial pro se litigant who has been involved in numerous actions and appeals at both the state and federal level, appellee requests that the Court warn Wynn that further frivolous actions could result in the issuing of sanctions which would restrict him from initiating future lawsuits without leave of Court. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525 (2d Cir. 2005). Factors that would be relevant in the event that the Court were to consider sanctions against Wynn would include: (1) Wynn's history of vexatious, harassing or duplicative lawsuits; (2) Wynn's motives in pursuing litigation; (3) whether Wynn was represented by counsel; (4) whether Wynn had caused needless expenses or burdens to be imposed on other parties and/or the courts; and (5) whether other, less restrictive sanctions would be adequate to protect the Court and other parties. *Id*., 396 F.3d 525 at 528.

According to the summary submitted by the appellee (Dkt. #11-1), Wynn's litigation history consists largely of two discrimination cases filed in federal court against the same defendants, beginning in 1992, a 1994 Chapter 13 bankruptcy case, and at least three state court actions. It appears that Wynn was represented by counsel, at some point, in some of these cases. While Wynn's history of litigation is undoubtedly more vigorous than the average citizen, the Court lacks sufficient evidence that Wynn's actions have been sufficiently repetitive or frivolous to justify a sanctions warning at this juncture, although this finding does not foreclose the Court from issuing such a warning in the future, should Wynn's present activities before the Court ultimately blossom into a more extensive pattern of litigation of questionable merit.

**CONCLUSION**

For the reasons set forth above, I thus conclude that Judge Warren's April 22, 2013 Order, to the extent appealed from, was not erroneous, incomplete or misleading, and did not otherwise constitute an abuse of discretion.  The Order appealed from is hereby affirmed, and the appeal is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 1, 2014.